# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

Jeanette Rick, et al.,                                    Civil No. 08-1287 ADM/JJG

                Plaintiffs,

v.

Wyeth, et al.,                                             **MEMORANDUM OPINION AND ORDER**

                Defendants.

_____

Regina Cohen,                                   Civil No. 08-1288 ADM/JJG

                Plaintiff,

v.

Wyeth, et al.,

                Defendants.

_____

Myrna Beer, et al.,                                Civil No. 08-1289 ADM/JJG

                Plaintiffs,

v.

Wyeth, et al.,

                Defendants.

_____

Rose Marie O'Leary, et al.,                Civil No. 08-1290 ADM/JJG

                Plaintiffs,

v.

Wyeth, et al.,

                Defendants.

_____

| | |
|---|---|
| Elizabeth Ansley, | Civil No. 08-1302 ADM/JJG |
| Plaintiff, | |
| v. | |
| Wyeth, et al., | |
| Defendants. | |

| | |
|---|---|
| Joyce Worthington, | Civil No. 08-1303 ADM/JJG |
| Plaintiff, | |
| v. | |
| Wyeth, et al., | |
| Defendants. | |

| | |
|---|---|
| Judith Marshall, | Civil No. 08-2494 ADM/JJG |
| Plaintiff, | |
| v. | |
| Wyeth, et al., | |
| Defendants. | |

| | |
|---|---|
| Ofelia Manuel, et al., | Civil No. 08-2495 ADM/JJG |
| Plaintiffs, | |
| v. | |
| Wyeth, et al., | |
| Defendants. | |

Sandra Rose, et al.,                                             Civil No. 08-2506 ADM/JJG

                Plaintiffs,

v.

Wyeth, et al.,

                Defendants.

_____

Yvonne M. Flaherty, Esq., Lockridge Grindal Nauen P.L.L.P., on behalf of all Plaintiffs.

Tobias Millrood, Esq., Pogust Braslow & Millrood, LLC, on behalf of Plaintiffs Beer, Cohen, O'Leary, and Rick.

Richard S. Lewis, Esq., Hausfeld LLP, on behalf of Plaintiffs Manuel, Marshall, and Rose.

Edward F. Fox, Esq., and Carrie L. Hund, Esq., Bassford Remele, P.A., on behalf of Defendants.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Plaintiffs'[1] Objections [Docket No. 47][2] to Magistrate Judge Jeanne J. Graham's July 21, 2010, Report and Recommendation ("R&R") [Docket No. 44]. The R&R recommends that Defendants'[3] Joint Motion for Summary Judgment [Docket No. 32] be granted. For the reasons set forth below, Plaintiffs' objections are overruled and Defendants' motion is granted.

---

[1] Jeanette Rick, Alan Rick, Regina Cohen, Myrna Beer, Daniel Beer, Rose Marie O'Leary, Ian O'Leary, Elizabeth Ansley, Joyce Worthington, Judith Marshall, Ofelia Manuel, Benito Manuel, Sandra Rose, and Ralph Rose (collectively "Plaintiffs").

[2] The current Motion for Summary Judgment consolidated nine related matters, captioned above. For ease and clarity, relevant documents are referenced only by the docket number assigned in the Rick matter.

[3] Wyeth, Inc., Wyeth Pharmaceuticals, Inc., Pharmacia Corp., Pharmacia & Upjohn Co., Greenstone, Ltd., and Pfizer, Inc. (collectively "Defendants").

## II. BACKGROUND

Plaintiffs, all citizens of New York, are women, and spouses of women, who used hormone replacement therapy ("HRT") drugs manufactured and sold by Defendants. Plaintiffs allege that they developed breast cancer as a result of the use of HRT drugs. R&R at 4. In 2004 and 2005, each Plaintiff, along with others not parties to the present action, brought suit individually in New York state courts where their claims were consolidated into a single coordinated proceeding (the "New York proceeding"). Id.

In the New York proceeding, Defendants moved for summary judgment based on the New York statute of limitations for civil actions. Fox Aff. [Docket No. 30], Ex. B at 3 (Supreme Court of the State of New York, In re: New York Hormone Replacement Therapy Litigation, Decision and Order, hereinafter "New York Order"). At the same time,[4] Plaintiffs moved for a discontinuance without prejudice (substantially equivalent to a voluntary dismissal under the Federal Rules of Civil Procedure). Id. While the motions in the New York proceeding were pending, Plaintiffs commenced the instant action in federal court in Minnesota. Id. at 4 n.2. The New York trial court granted the Defendants' motion for summary judgment and denied the Plaintiffs' motion for discontinuance without prejudice. Id. at 28. In doing so, the New York trial court reasoned that the Defendants would be unfairly prejudiced by allowing the litigation to restart in another forum after having completed discovery and reached the summary judgment phase in the New York proceeding. Id. at 5-8. The New York trial court specifically stated that a grant of summary judgment would be a "judgment on the merits" and opined that the judgment

---

[4] The timing of the motions was contested during the New York proceeding. The issue was resolved when the parties entered into a May 9, 2008 consent order deeming the motions to have been filed simultaneously. New York Order at 7.

would preclude further litigation of the matter. Id. at 7-8.

In the present federal proceeding, Defendants moved for summary judgment arguing that the New York judgment is entitled to preclusive effect. Judge Graham agreed and issued an R&R recommending that the Court grant Defendants' Motion for Summary Judgment. Plaintiffs object, arguing that the New York judgment did not reach the substantive merits of their claim, and therefore is not entitled to preclusive effect.

### III.  DISCUSSION

#### A.  Standard of Review

##### 1.  Objections to the R&R

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

##### 2.  Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but

must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

For the purposes of the current motion and objections, the parties do not dispute any facts. All arguments address legal grounds for summary judgment, namely whether Plaintiffs' claims are barred by the doctrine of claim preclusion.[5]

**B. Legal Background**

When determining the preclusive effects of a prior state-court judgment, the law of that state governs. Zutz v. Nelson, 601 F.3d 842, 847 (8th Cir. 2010); Knutson v. City of Fargo, 600 F.3d 992, 996 (8th Cir. 2010). The traditional rule for claim preclusion is that dismissal for untimeliness does not bar a second action *in another jurisdiction* with a longer, unexpired statute of limitations. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 504 (2001). However, Semtek does *not require* states to follow the traditional rule. See id. at 508 (remanding case to determine whether California applied traditional rule). Semtek does require that courts ask what preclusive effect a state intends *other jurisdictions* to accord its judgments. Id.

Unfortunately, New York has not definitively answered that question. Therefore, the Court must determine what rule New York would likely apply. See Cotton v. Commodore Exp., Inc., 459 F.3d 862, 864 (8th Cir. 2006) ("When there is no state supreme court case directly on point, our role is to predict how the state supreme court would rule if faced with the issues before us."). Fully understanding the Semtek rule assists in determining whether New York would

---

[5] The R&R, the parties, and much of the case law refer to the doctrine of "res judicata." The Supreme Court of the United States has stated a preference for the more precise term "claim preclusion." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984). The Court will follow suit and use the term "claim preclusion" in lieu of "res judicata."

6

follow that rule or its converse. The Semtek rule rests on a view of statute of limitations as procedural, rather than substantive, law. Id. at 504. The traditional rule views statutes of limitations as procedural bars that extinguish a remedy in a particular forum, but do not affect the substantive rights associated with the underlying claims. Id. Therefore, determining whether New York views statutes of limitations as procedural or substantive largely controls whether New York would likely follow the traditional rule.

New York case law, however, reveals varied interpretations of statutes of limitations. On one hand, the New York Court of Appeals has unequivocally stated that, in general, New York views statutes of limitations as procedural rather than substantive. Tanges v. Heidelberg N. Am., Inc., 93 N.Y.2d 48, 54-55 (N.Y. 1999). However, the New York Court of Appeals has also held that, in the narrow context of claim preclusion, statutes of limitations "in a practical sense may also be said to be substantive." Russell Sage, 429 N.E.2d 746, 750 (N.Y. 1981). Tanges postdates Russell Sage, but did not expressly overrule the prior case. Therefore, because Tanges and Russell Sage demonstrate inconsistent views, the Court must reconcile the cases to the extent possible. In re Popkin & Stern, 340 F.3d 709, 718 (8th Cir. 2003).

In Cloverleaf Realty v. Town of Wawayanda, the Second Circuit considered the inconsistencies presented by Tanges and Russell Sage. 572 F.3d 93, 95-96 (2d Cir. 2009). In that case, the plaintiff's declaratory judgment action in New York state court was dismissed on timeliness grounds. Id. at 94. The plaintiff then brought a § 1983 action in federal court. Id. The federal court was then required to decide what preclusive effect to give the New York court's dismissal for timeliness. Id. at 95. Rather than reconcile the inconsistencies between Tanges and Russell Sage, the Second Circuit chose to distinguish Russell Sage and pick Tanges

7

as the operative precedent. Id. The court distinguished Russell Sage on three grounds: (1) dismissal in Russell Sage was on both statute of limitations and statute of frauds grounds, (2) Russell Sage dealt with a motion for summary judgment not a motion to dismiss, and (3) Russell Sage dealt with preclusion in the same forum. Id. at 96.

Cloverleaf's analysis of Russell Sage, however, is inapposite here. To begin with, Cloverleaf's first distinction rests on a misreading. While some of the claims in Russell Sage were barred by both the statute of frauds and statute of limitations, the court in Russell Sage expressly stated that some of the claims were dealt with exclusively on statute of limitations grounds. Russell Sage, 429 N.E.2d at 748. Second, the procedural posture in Cloverleaf was a motion to dismiss, but in the New York proceeding was a grant of summary judgment, just as in Russell Sage. Finally, the fact that the second action in Russell Sage was brought in the same forum as the first is relevant only to the extent that forum is a decisive factor under New York claim preclusion law. This is precisely the question that this Court is must answer. Using the very question asked to inform the answer is circular and unhelpful in determining New York law.

More instructive than the Second Circuit's opinion in Cloverleaf is the approach of New York courts themselves. In the New York proceeding, the plaintiffs moved for a discontinuance without prejudice. New York Order at 3. Under New York law, an element of granting such a motion is whether the adverse party will suffer prejudice. Id. at 4. The trial judge believed that a discontinuance without prejudice would not have preclusive effects in the instant federal action. See id. at 7 (noting that granting the plaintiffs' motion would "ostensibly allow plaintiffs' Minnesota action to continue"). Concluding that Defendants would be highly prejudiced if

8

forced to continue litigation in another forum, the trial judge denied the motion. Id. at 8. Implicit in this reasoning is that the grant of summary judgment *would* have preclusive effect in the present litigation. Indeed, the trail court specifically stated that Defendants had a "right to judgment on the merits." Id.

### C. Judge Graham's R&R

The R&R discussed the tension between Tanges and Russell Sage, and found Russell Sage to be controlling here. R&R at 13. The R&R noted that while Tanges post-dates Russell Sage, lower New York courts continue to apply Russell Sage in the specific context of claim preclusion. Id. at 10. The R&R also disagreed with Cloverleaf's rationale that the procedural view of statute of limitations requires adherence to the Semtek rule. Id. at 12-13. Instead, the R&R argued that the procedural-substantive distinction is a flexible, not mechanical, construct and gives no indication, in light of Russell Sage, that New York would follow the Semtek rule. Id. at 13.

Plaintiffs object to the R&R's analysis. Plaintiffs argue that New York's adherence to the rule that statutes of limitations are procedural *necessarily* means that New York would follow the Semtek rule. Further, Plaintiffs argue that Russell Sage is entirely inapposite as it deals only with timeliness dismissals *in the same jurisdiction*. Based on this reading of the relevant authority, Plaintiffs argue that the Court should not give the New York judgment preclusive effect.

Plaintiffs' argument misses the mark in several respects. First, the procedural-substantive distinction that forms the foundation of Plaintiffs' argument is hardly clear under New York law. Indeed, while the procedural-substantive distinction may be a useful tool in

9

some instances, a clear line between procedure and substance is not always ascertainable. See, e.g., Erie R. Co. v. Tompkins, 304 U.S. 64, 92 (1938) ("The line between procedural and substantive law is hazy . . . .") (Reed, J., concurring). The Russell Sage court was particularly attuned to this problem. See Russell Sage, 429 N.E.2d at 750 ("[T]he Statute of Limitations, though often denominated as procedural, in a practical sense may also be said to be substantive . . . ."). Because New York has not made a clear procedural-substantive distinction for statutes of limitations within the particular context of claim preclusion, that distinction is not dispositive of the issue here. Second, while Russell Sage does not directly address the issue at hand, its analysis provides insight into how New York courts view statutes of limitations within our particular context.

In interpreting this ambiguous area of New York law, the Court is mindful of the overarching principals of claim preclusion. Claim preclusion doctrine values judicial economy, preventing parties from burdening courts with claims already litigated. Equally important, however, is the opportunity to litigate in the first place. Courts are mindful of not barring plaintiffs from having their day in court by overzealously preventing them from having two days in court.

Against this backdrop, the Court finds the procedural posture of this case decisive. The New York proceeding was not decided on a motion to dismiss as were the cases in Semtek and Cloverleaf. Rather, the New York proceeding ended on summary judgment. At that stage, parties have had a significant opportunity to discover and litigate their claims. In this case, Plaintiffs made the deliberate decision to file an action in New York. They followed through with that decision by undergoing substantial discovery. New York Order at 5. After discovery,

10

it appeared that their claims may have been time-barred. Id. at 9. Plaintiffs argued that facts existed from which the state trial court could toll the statute of limitations. Id. at 10-12. The New York court examined that argument and disagreed, granting summary judgment to Defendants. Id. at 15-29. Plaintiffs did not appeal. They have had their opportunity to litigate their claims, and New York law does not provide them with the proverbial second bite at the apple merely by switching jurisdictions. Following Russell Sage, by the time the parties have reached summary judgment, statutes of limitations are no longer merely procedural, but now "in a practical sense may also be said to be substantive." Russell Sage, 429 N.E.2d at 750. Therefore, at the summary judgment phase, timeliness issues are "sufficiently close to the merits" to implicate claim preclusion. Id.

Plaintiffs chose to bring their claims in New York and continue litigation up to summary judgment. In light of the timeliness issues, perhaps that decision can be second guessed, but New York is a logical forum to bring these claims: all Plaintiffs reside in that state, Defendants do business in that state, and the actions that gave rise to the claims took place in that state. On the other hand, Minnesota is an unlikely place to bring this action. None of Plaintiffs, nor any of the claims at issue, have any connection to Minnesota. Instead, it seems this case, like hundreds of others involving HRT drugs, was brought in this forum solely to take advantage of Minnesota's six-year statute of limitations. Many of these cases have been and will be transferred to more appropriate venues. See, e.g., Rogers v. Wyeth, Inc., Civ. No. 08-2149, 2010 WL 3324432 (D. Minn. Aug. 20, 2010). Indeed, were a motion to transfer venue pending, the Court would be inclined to grant that motion.

However, this is a motion for summary judgment, not a motion to transfer venue. Under

New York law, after litigating a case to the extent done so by Plaintiffs, a grant of summary judgment based on timeliness is "sufficiently close to the merits" to have preclusive effects in other jurisdictions. See Russell Sage, 429 N.E.2d at 750. Therefore, Defendants are entitled to summary judgment in the instant matter.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Objections [Docket No. 47] to Magistrate Judge Jeanne J. Graham's July 21, 2010, Report and Recommendation [Docket No. 44] are **OVERRULED**;

2. Defendants' Motion for Summary Judgment [Docket No. 32] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 23, 2010.